```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X
UNITED STATES OF AMERICA        :

        -against-               :   NOTICE OF MOTION

                                :   CASE No.10-36 (NGG)
DEVON BRISTOL,
            Defendant.          :

------------------------------X
```

PLEASE TAKE NOTICE, that the defendant DEVON BRISTOL, by his attorney HEIDI C. CESARE, ESQ., of the Federal Defenders of New York, Inc., and upon the annexed declaration and all papers and proceedings heretofore had herein, will move the Court, before The Honorable Nicholas G. Garaufis, United States District Judge, for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York, on March 18, 2010, for an Order:

I.  Pursuant to Fed. R. Crim. P. 12(b)(3), 18 U.S.C. §3109, and the Fourth Amendment to the U.S. Constitution, suppressing one loaded 9 millimeter HI-POINT semi-automatic pistol, all post arrest statements, and any other evidence obtained by New York City police officers upon the unreasonable search and seizure of the defendant on December 30, 2009, at approximately 1:30 am in the vicinity of Decatur Street and Saratoga Avenue, Brooklyn, New York; and

II.  Granting such other and further relief as the Court may deem just and proper.

DATED:   BROOKLYN, N.Y.
         February 19, 2010

                              **HEIDI C. CESARE, ESQ.**
                              FEDERAL DEFENDERS OF NEW YORK, INC.
                              16 COURT STREET
                              3RD FLOOR
                              BROOKLYN, NEW YORK 11241
                              (718) 330-1257

                              ATTORNEY FOR DEFENDANT
                              DEVON BRISTOL


TO:   BENJAMIN CAMPBELL
      UNITED STATES ATTORNEY
      EASTERN DISTRICT OF NEW YORK
      BY:  **CELIA A. COHEN, ESQ.**
           ASSISTANT UNITED STATES ATTORNEY

      Clerk of the court (by ECF)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA         :

      -against-              :     DECLARATION

                             :     Case No. 10-36 (NGG)

DEVON BRISTOL,
      Defendant.             :

------------------------------X

    I, HEIDI C. CESARE, ESQ., declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

    1.    I am an attorney employed by the Federal Defenders of New York, Inc., the attorney of record assigned to represent the defendant, DEVON BRISTOL.

    2.    This declaration is submitted in support of the defendant's motion:

> "Pursuant to Fed. R. Crim. P. 12(b)(3), 18 U.S.C. §3109, and the Fourth Amendment to the U.S. Constitution, suppressing one loaded 9 millimeter HI-POINT semi-automatic pistol, all post arrest statements, and any other evidence obtained by New York City police officers upon the unreasonable search and seizure of the defendant on December 30, 2009, at approximately 1:30 am in the vicinity of Decatur Street and Saratoga Avenue, Brooklyn, New York; and such other and further relief as the Court

may deem just and proper."

3. This declaration is based upon information and belief, the sources of which are court papers, discovery documents, and independent investigation.

4. On December 30, 2009, immediately prior to 1:30 a.m., Devon Bristol and another individual were passengers in the back seat of a livery cab. Their cab was traveling southbound on Saratoga Avenue in Brooklyn, New York.

5. Neither Mr. Bristol, the other passenger, or the driver of the livery cab were engaged in any observable unlawful activity.

6. At approximately 1:30 a.m., New York Police Department Officers Trent Narra, Eric Konoski, and others, stopped the defendant's livery cab without cause. Sergeant Konoski then seized Mr. Bristol and searched his person.

7. According to the criminal complaint, M-10-002, Sergeant Konoski found one loaded 9 millimeter HI-POINT semi-automatic pistol on Mr. Bristol's person.

8. According to discovery provided to the defense under cover of letter dated February 8, 2010, the defendant made a number of incriminating post arrest statements after he was arrested.

9. The police stopped the livery cab in which the

defendant was a passenger without probable cause or reasonable suspicion.

10. Subsequent to the car stop, Sergeant Konoski stopped and searched the defendant without probable cause or reasonable suspicion that the defendant was armed and dangerous.

LEGAL FRAMEWORK

The fourth amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause...." U.S. Const. amend. IV. Warrantless searches "are per se unreasonable under the Fourth Amendment subject only to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967); see also Terry v. Ohio, 392 U.S. 1, 20 (1968) ("[P]olice must, whenever practicable, obtain advance judicial approval of searches and seizures through the warrant procedure."); United States v. Scopo, 19 F.3d 777 (2d Cir.1994); United States v. Jenkins, 876 F.2d 1085, 1088 (2d Cir.1989).

The burden is on the government to prove the grounds for a warrantless search or seizure. United States v. Perea, 986 F.2d 633 (2d Cir. 1993); United States v. Mapp, 476 F.2d 67, 76 (2d Cir. 1973); United States v. De La Fuente, 548 F.2d 528 (5th Cir.

1977) ("if the defendant produces evidence that he was arrested or subjected to search without a warrant, the burden shifts to the government to justify the warrantless arrest or search"); *United States v. Levasseur*, 618 F. Supp. 1390, 1392 (E.D.N.Y. 1985) (Glasser, J.) (Once the defendant has made a "preliminary showing the search was conducted without a warrant, then the burden shifts to the government to show that the warrantless search was reasonable.")

A vehicle stop constitutes a seizure of any passengers in the vehicle. *Brendlin v. California*, 551 U.S. 249, 257 (2007). Traffic stops must therefore "be justified by probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct." *Scopo*, 19 F.3d at 781 (citation omitted); *see also United States v. Gaines*, 457 F.3d 238, 243 (2d Cir. 2006).

Even a valid vehicle stop would not justify a search of the defendant's person. *Terry* requires reasonable suspicion of criminal activity to justify a stop and an objectively reasonable belief, based on specific facts and inferences, that the suspect is armed and dangerous to validate a search. *Terry*, 392 U.S. at 30. While a vehicular violation or suspected violation satisfies the first prong, "[t]o justify a patdown of the . . . passenger during a traffic stop . . . the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." *Arizona v. Johnson*, 129 S.Ct. 781, 784 (2009).

Evidence obtained through direct or indirect violation of an individual's Fourth Amendment rights shall be excluded from trial. *Mapp v. Ohio*, 367 U.S. 643, 654- 55 (1961); *see also Wong Sun v. United States*, 371 U.S. 471, 488 (1963).

In this case, the police stopped the livery cab in which the defendant was a passenger without probable cause or reasonable suspicion. After the cab was stopped a police officer stopped and searched the defendant without probable cause, or a reasonable suspicion that the defendant was armed and dangerous. The search of the defendant's person resulted in the seizure of one loaded pistol and several incriminating post-arrest statements. Mr. Bristol has an expectation of privacy with respect to his person. At the time of his arrest, he was behaving in a lawful manner in a public place and had not done anything to relinquish his expectation of privacy. The police had no lawful reason to stop his cab or search his person.

## CONCLUSION

For the foregoing reasons the defendant respectfully moves for an Order suppressing one loaded 9 millimeter HI-POINT semi-automatic pistol, all post arrest statements, and any other evidence obtained from the defendant, or in the alternative, for hearing on the issues raised herein, and for any other relief this Court deems just and proper.

Dated:      February 19, 2010          _____
            Brooklyn, NY               Heidi C. Cesare, Esq.